**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JOHNNY LEE DUWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:16-cv-291-ACL |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| and MILLSAP & SINGER, P.C., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT BANK OF AMERICA, N.A.'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Bank of America, N.A., ("BANA") moves to dismiss all claims asserted against it in Plaintiff Johnny Lee Duwe ("Plaintiff")'s Petition for Injunctive Relief & Redress of Grievances ("Complaint") for failure to state a claim upon which relief can be granted. In support of its Motion, BANA submits the following Memorandum.

**INTRODUCTION**

In this *pro se* action, Plaintiff's only claim against Defendant BANA is one for injunctive relief. *See* Petition for Injunctive Relief & Redress of Grievances ("Complaint") Doc. # 1-1, p. 1. Plaintiff, however, does not state any cognizable claim against BANA. Thus, BANA asks this Court to dismiss Plaintiff's Complaint against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Plaintiff fails to state a claim against BANA as a matter of law, Plaintiff's Complaint should be dismissed as to BANA, with prejudice.

**PLAINTIFF'S ALLEGATIONS**

In his Complaint, pro se Plaintiff seeks an injunction of the November 10, 2016 foreclosure sale of the real property located at 6437 Newman Road, Festus, Missouri 63028 (the "Property"). *See* Doc. # 1-1. He alleges that the foreclosure sale causes him "great, immediate, and irrevocable harm and injury" and that he has served various communications" upon BANA. *Id.* at pp. 1-2. Plaintiff asks the court to order BANA and co-defendant Millsap & Singer P.C. (collectively, "Defendants") to "cease and desist the execution of the foreclosure sale dated November 10th, 206, as well as any exercise of legal right or authority [Defendants] claim to have over [Plaintiff's] real property/ property arising out of, or in relation to the documents(s) or contract(s) in dispute." Plaintiff also asks the court to order Defendants "to prove standing over the subject matter in dispute." *Id.* at p. 3.

In support of his Complaint, Plaintiff attaches various frivolous and vexatious filings that lack legal significance.[1] To the extent Plaintiff attempts to raise any alleged issues purportedly presented in these filings, but which are not presented in his Complaint, his request should be denied.

**LEGAL STANDARD**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Failure to satisfy Rule 8 justifies dismissal for failure to state a claim upon which relief can be granted under Rule

---

[1] With his Complaint, filed on November 9, 2016, in Circuit Court of Ste. Genevieve County, Missouri, Plaintiff filed: (1) Affidavit of Service Debt Validation Letter; (2) Notice of Understanding and Intent, and Conditional Acceptance for Value Predicated Upon Proof of Claim; (3) Debt Collector Disclosure Statement; (4) Notice of Nonresponse; (5) Affidavit/Claim of Right and Assigned Fee Schedule; (6) Affidavit; (7) Notice and Demand to Cease and Desist Affidavit; (8) Security Agreement; (9) Hold Harmless and Indemnity Agreement; (10) General Power of Attorney; and (11) Notice Proof of Service.

12(b)(6), which serves to "eliminate actions which are fatally flawed in their legal premises and designed to fail." *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir. 2001).

In order for a complaint to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff must show that success on the merits is more than a "sheer possibility."  *Id.*  The court must take a plaintiff's factual allegations as true, but this does not apply to legal conclusions or "formulaic recitation of the elements of a cause of action."  *Id.*  The complaint must (1) describe the claim in sufficient detail to give the defendant fair notice of what the claim is and on the grounds upon which it rests; and (2) allege facts that raise more than a speculative right to relief.  *Twombly*, 550 U.S. at 555.  Where the allegations show on the face of the complaint that there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate.  *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997).

Although courts liberally construe a *pro se* complaint, the pleading "must nonetheless not be conclusory and must state facts which, when taken as true, state a claim as a matter of law." *Beasley v. State of Mo.*, No. 1:04-CV-173CAS, 2005 WL 2206110, at *2 (E.D. Mo. Sept. 12, 2005) (dismissing pro se complaint for failure to state a claim); *see also Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983) (affirming dismissal of pro se complaint).  Moreover, "a district court should not assume the role of advocate for the pro se litigant, nor may a district court rewrite a complaint to include claims that were never presented." *Kennell v. Abbco Serv. Corp.*, 4:09-CV-771, 2010 WL 3620470, *2 (E.D. Mo. Sept. 9, 2010) (quotation and citation omitted) (holding that *pro se* complaint "fail[ed] to state a cause of action for race discrimination").

**ARGUMENT**

I. **Plaintiff Fails to State a Claim.**

Plaintiff's Complaint fails to give BANA notice of the legal causes of action that Plaintiff asserts, and the factual allegations are too vague and confusing to assert the basis of any claim against BANA. Plaintiff pleads only a single discernible argument – that the November 10, 2016 foreclosure sale of the Property should be enjoined. Plaintiff then lists a series of purported "legal" documents to which he alleges BANA failed to respond. Plaintiff does not assert the basis for his assumption that BANA is required to respond to his legally insignificant documents, nor does Plaintiff allege any facts to support any his sparse assertions. On the face of the Complaint, it is impossible for BANA to fairly discern the claims Plaintiff seeks to assert against it.

Plaintiff has failed to comply with the short and plain statement requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff appears to dispute issues related to the foreclosure of the Property. Beyond that general assumption, however, it is impossible to understand the nature of the claim(s) asserted. Generously construing the ambiguities of the Complaint in favor of Plaintiff, the Complaint fails to set forth facts sufficient to state a claim for relief against BANA. Because Plaintiff has not articulated any legal or factual claim against BANA, and it is impossible to determine what Plaintiff may have intended to plead through his convoluted allegations and attached filings, Plaintiff has failed to comply with the Federal Rules of Civil Procedure and his Complaint should be dismissed.

II. **Plaintiff's Complaint is Based on Frivolous Arguments.**

Plaintiff's Complaint and the attached filings appear to argue that "Duwe, Johnny Lee" is somehow different than "JOHNNY LEE DUWE." Plaintiff appears to rely on the bizarre "flesh

4

and blood" or "sovereign citizen" defense. This defense has been popularized by internet conspiracy theorists and has resulted in frivolous litigation being brought by "free sovereigns" – persons who through name changes and pseudo-legal documents declare themselves to be free from obligations such as federal income taxes, state registration requirements, and private contracts.

Generally speaking, "free sovereigns" believe that certain forces have replaced the "real" legal system of the United States –which "free sovereigns" refer to as the "common law"—with a new system of government based on "admiralty law." *See* Southern Poverty Law Center, *Intelligence Files: Sovereign Citizens Movement*, http://www.splcenter.org/get-informed/intelligence-files/ideology/sovereign-citizens-movement (attached as Exhibit A). *See also* Kevin Carey, <u>Too Weird for the Wire</u>, Washington Monthly, Summer 2008 (journalistic account of the pernicious, disreputable history of the "flesh and blood" defense, including its use by Oklahoma City bomber Terry Nichols in an attempt to evade debts).

Plaintiff's Complaint and attached filings appear to be "free sovereign" legal nonsense. Courts have long found "sovereign citizen" arguments to be frivolous, as are Plaintiff's claims here. *See*, *e.g.*, *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (finding defendant's argument "that the District Court lacked jurisdiction over him because he is solely a resident of the state of Michigan and not a resident of any 'federal zone' and is therefore not subject to federal income tax laws" to be "completely without merit and patently frivolous."). This is the rare situation where simply stating the plaintiff's argument in plain terms is enough to demonstrate that it fails to state any claim on which relief may be granted.

5

### III.     Plaintiff Fails to State a Claim for Injunctive Relief.

In ruling on a motion for injunctive relief, the party seeking the injunction bears the burden of proof.  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 441 (1974).  Plaintiff fails to state a claim for injunctive relief for three reasons: 1) First, Plaintiff's request for injunctive relief is moot; 2) Plaintiff cannot demonstrate a likelihood of success on the merits; and 3) Plaintiff does not meet the statutory requirements of MO. REV. STAT. § 526.010, *et seq.*  Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim.

#### A.      Plaintiff's request for injunctive relief is moot.

"'A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.'"  *McWilliams v. J.P. Morgan Chase Bank, Nat. Ass'n*, No. 4:14-CV-768 CEJ, 2015 WL 430216, at *2 (E.D. Mo. Feb. 2, 2015) (quoting *Miller v. Mo. Dep't of Corr.*, 436 S.W.3d 692, 696 (Mo. Ct. App. 2014), transfer denied (July 23, 2014)).  Like Plaintiff here, plaintiffs in *McWilliams* sought to enjoin a foreclosure sale.  The court held that "[b]ecause the date on which the foreclosure sale was scheduled to take place has passed, the sale did not occur, and plaintiffs have not alleged any future scheduled sale, plaintiffs' claim for injunctive relief is moot.  *Id.* at *2.

As pled in his Complaint, Plaintiff seeks to enjoin a foreclosure sale scheduled for November 10, 2016—a date in the past.  Doc #1-1, p. 1.  This claim cannot possibly succeed because Plaintiff seeks to stop an event that has already occurred.  Plaintiff's Complaint for injunctive relief is moot, as the relief Plaintiff seeks no longer available, and therefore it must be

dismissed.  *See Paradise v. Midwest Asphalt Coatings, Inc.*, 316 S.W.3d 327, 330 (Mo. Ct. App. 2010).

      **B.**      **Plaintiff cannot demonstrate a likelihood of success on the merits.**

In order to show that he is entitled injunctive relief, Plaintiff must show the probability of success on the merits, that he faces irreparable harm, that the harm to Plaintiff outweighs any possible harm to others, and that an injunction serves the public interest.  *Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1012 (8th Cir. 2011); *Entergy, Ark., Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir. 2000).

Plaintiff's Complaint does not demonstrate a likelihood of success on the merits.  Indeed, Plaintiff has not even asserted a substantive claim.  Plaintiff cannot prove he will succeed on the merits of any claim because he has not stated a substantive claim.  Without a showing of a probability of success on the merits of a claim, Plaintiff's request for injunctive relief fails as a matter of law, and his Complaint merits dismissal with prejudice.

      **C.**      **Plaintiff fails to meet the Missouri statutory requirements of a claim for injunctive relief.**

Plaintiff also fails to state a claim for injunctive relief because the Complaint does not meet the statutory requirements of Mo. Rev. Stat. § 526.010, *et seq*.  Section 526.070 requires Plaintiff tender a bond in conjunction with a request for injunctive relief:

> **No injunction**, unless on final hearing or judgment, **shall issue in any case**, except in suits instituted by the state in its own behalf, **until the plaintiff**, or some responsible person for him, **shall have executed a bond** with sufficient surety or sureties to the other party, in such sum as the court or judge shall deem sufficient to secure the amount or other matter to be enjoined, and all damages that may be occasioned by such injunction to the parties enjoined, or to any party interested in the subject matter of the controversy, conditioned that the plaintiff will abide the decision which shall be made thereon, and pay all sums of money, damages and costs that shall be adjudged against him if the injunction shall be dissolved. In lieu of the bond the plaintiff may deposit with the court such

>sum, in cash, as the court may require, sufficient to secure such amounts.

MO. REV. STAT. § 526.070 (emphasis added).

Here, Plaintiff does not allege that he has tendered any bond to the Court as required by Section 526.070. *See*, *generally*, Doc. # 1-1. To the contrary, Plaintiff concedes that he has not tendered the required bond: "i [sic] petition the court for injunctive relief, and wish to do so waiving any requirement for any bond (See: RSMo. 526.070) on the basis of my right to an [sic] redress of grievances (See: U.S. Constitution, Amendment One (1) Rat. Dec. 15th, 1791, and applicable Missouri Statutes), as well as collateral in dispute (real property) already in place." Doc. # 1-1, pp. 1-2. Because Plaintiff's Complaint does not comply with the statutory requirements for a claim of injunctive relief, it should be dismissed for failure to state a claim.

## CONCLUSION

Plaintiff's request for injunctive relief is moot, Plaintiff cannot demonstrate a likelihood of success on the merits of his claim, and he did not comply with the Missouri statutory requirements of a claim for injunctive relief. His Complaint therefore fails to state a claim and merits dismissal.

BANA respectfully requests the Court grant its Motion to Dismiss, dismissing any claim in Plaintiff's Complaint against BANA with prejudice.

Dated:  December 23, 2016　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　BRYAN CAVE LLP

　　　　　　　　　　　　　　　　　　　　By: /s/ Michele R. Gardner
　　　　　　　　　　　　　　　　　　　　　　Michele R. Gardner #59838
　　　　　　　　　　　　　　　　　　　　　　Tiffani Lightle #49785
　　　　　　　　　　　　　　　　　　　　　　One Metropolitan Square
　　　　　　　　　　　　　　　　　　　　　　211 N. Broadway, Suite 3600
　　　　　　　　　　　　　　　　　　　　　　St. Louis, Missouri 63102
　　　　　　　　　　　　　　　　　　　　　　Telephone:  314-259-2000
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  314-259-2020
　　　　　　　　　　　　　　　　　　　　　　michele.gardner@bryancave.com
　　　　　　　　　　　　　　　　　　　　　　lightlet@bryancave.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 23rd day of December 2016, a true and accurate copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all attorneys of record, with a copy also sent by first class mail, postage prepaid, addressed to:

Johnny Lee Duwe
P.O. Box 731
6437 Newman Rd.
Festus, MO  63028


*Pro Se Plaintiff*

                                            /s/ Michele R. Gardner