UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHNNY LEE DUWE, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:16CV291 ACL |
| | ) |
| vs. | ) |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| And MILLSAP & SINGER, P.C., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Johnny Lee Duwe's Motion to Remand[1] (Doc. 11), and Defendant Bank of America, N.A. ("BANA")'s Motion to Dismiss (Doc. 12). Duwe has also filed a Motion to Amend (Doc. 23), Motion to Add Parties (Doc. 24), and Motion to Strike (Doc. 29), in response to BANA's Motion to Dismiss. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. *See* 28 U.S.C. § 636(c).

**I.    Background**

On November 9, 2016, Duwe filed a "Petition for Injunctive Relief & Redress of Grievances" ("Petition") in the Circuit Court of Ste. Genevieve County, Missouri, seeking to enjoin a foreclosure sale and naming as Defendants Bank of American, N.A. ("BANA") and Millsap & Singer, P.C. ("Millsap"). (Doc. 5.) Duwe alleges that the foreclosure sale, which occurred on November 10, 2016, was based on fraud. He contends that he "served various

---

[1]Duwe also moves to dismiss Defendants' claims for failure to state a claim upon which relief can be granted; and alleges improper venue. Defendants have not asserted any claims against Duwe, and Duwe provides no support for his allegation that venue in the Eastern District of Missouri is improper. Accordingly, the undersigned will not address these arguments.

1

communications" upon Defendants "contesting the validation of the alleged debt," but Defendants failed to produce the requested documents. *Id.* at p. 2.

Complete diversity was lacking on the face of the Petition as Plaintiff Duwe and Defendant Millsap are both citizens of the State of Missouri. BANA removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a)(1), claiming that Millsap was a nominal party fraudulently joined to defeat diversity, whose citizenship should be disregarded for purposes of diversity jurisdiction. (Doc. 1.) BANA is a national banking association with its principal place of business and main office, as set forth in its articles of association, in the State of North Carolina. *Id.* at p. 2. BANA is therefore a citizen of North Carolina. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located").

Duwe filed a Motion to Remand, in which he argues that Millsap's citizenship should be considered, and disputes that the amount of controversy requirement is met. (Doc. 11.) BANA opposes Duwe's Motion to Remand. (Doc. 20.)

On the same date, BANA filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which Duwe opposes. (Docs. 12, 19.) Duwe subsequently filed a Motion to Amend his Petition (Doc. 23), Motion to Add Parties (Doc. 24), and Motion to Strike Defendants' Response to his Motion to Amend (Doc. 29).

The Court will address the pending motions in turn, beginning with Duwe's Motion to Remand.

## II.    Motion to Remand

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." *Peters v. Union Pacific R. Co.*, 80 F.3d 257, 260 (1996) (citing 28 U.S.C. § 1441(b)). "A claim may be removed only if it could have

been brought in federal court originally." *Id.* "Critically, the party seeking removal has the burden to establish federal subject matter jurisdiction; all doubts about federal jurisdiction must be resolved in favor of remand." *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.,* 561 F.3d 904, 912 (8th Cir. 2009) (internal citation and cited case omitted). To invoke the district court's original diversity jurisdiction, the parties must be citizens of different states and the amount in dispute must exceed $75,000. 28 U.S.C. § 1332(a).

**A.      Diversity of Citizenship**

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005) (cited case omitted). Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

In determining whether complete diversity of citizenship exists, a federal court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). "Nominal parties are generally those without a real interest in the result of the suit or an ownership interest in the funds at issue, or those named merely as the holder of the stakes between the plaintiff and the defendant." *Caranchini v. Kozeny & McCubbin, LLC*, 2011 WL 5921364, at *3 (W.D. Mo. Nov. 28, 2011). "The 'real party in interest' is the person who, under governing substantive law, is entitled to enforce the right asserted, and in a diversity case, the governing substantive law is ordinarily state law[.]" *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977). "A

3

defendant's citizenship may be disregarded when it is clear that the defendant (1) is neither necessary nor indispensable, (2) has no stake in the litigation, and (3) has no real, present claims for relief sought against it." *Mundle v. Linde, LLC*, 2011 WL 1526965, at *2 (E.D. Mo. Apr. 20, 2011); *see* 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.15 (3d ed. 2013).

The Court must therefore determine whether Millsap is a nominal party whose citizenship must be disregarded for purposes of diversity jurisdiction or was fraudulently joined in this action.

The Petition alleges by implication that Millsap is the trustee that conducted the foreclosure sale. In his Motion to Remand, Duwe contends that he "rescinded" the loan documents due to fraud but Millsap "proceeded with the unlawful foreclosure sale in spite of said rescission and declaration." (Doc. 11 at p. 2.) Duwe further argues that he "fired" Millsap from acting as trustee. *Id.* at 3.

In opposing the Motion to Remand, BANA argues that Millsap is a nominal party because it has no ownership interest in the Deed of Trust and lacks independent authority to enforce the power of sale provision in the Deed of Trust. BANA cites *Caranchini v. Kozeny & McCubbin, LLC*, No. 4:11CV464DGK, 2011 WL 5921364 at *3 (W.D. Mo. Nov. 28, 2011), in which the Western District of Missouri held that a trustee was a nominal party in a quiet title action whose citizenship was disregarded in determining whether diversity existed.

The Court in *Caranchini* reasoned that, under Missouri law, a trustee is not an indispensable party to any action affecting a deed of trust because the deed of trust does not vest title in the trustee. *Id.* Other cases from the Western District of Missouri have similarly held that a trustee was a nominal party. *See Wyatt v. Liberty Mortg. Corp.*, No. 4:13CV00317DGK, 2013 WL 6730298, at *3-5 (W.D. Mo. Dec. 19, 2013); *Reinerio v. Bank of New York Mellon*, No. 15CV161FJG, 2015 WL 4425856, at *5-6 (W.D. Mo. July 20, 2015).

A recent decision from this Court agreed with the decisions from the Western District of

4

Missouri. In *Simms v. Nationstar Mortg., LLC,* No. 4:14–CV–243 CAS, 2014 WL 1515881 (E.D. Mo. Apr. 18, 2014), where South & Associates was the successor trustee, the Court stated:

> South, as successor trustee under the deed of trust, is merely a nominal party to this action. Although the trustee of a deed of trust can be a proper defendant in a Missouri action to set aside a foreclosure sale, *Casper v. Lee,* 362 Mo. 927, 245 S.W.2d 132,138 (Mo. 1952) (en banc), it is well established that the trustee is not an indispensable or even a necessary party without whose presence there could not be a complete determination of the controversy. *Id* .... Even where a trustee is alleged to have committed misconduct in carrying out his duties, as here, the trustee remains a nominal party who is not necessary to a complete determination of the controversy.

*6 *Id.* at *3–4 (internal citations omitted).

Similarly, in this case, because Millsap was also acting as a successor trustee, the Court finds that it is a nominal party, whose Missouri citizenship is not considered. The Court will, therefore, disregard Millsap's citizenship in determining whether diversity jurisdiction exists in this matter. The Court finds diversity of citizenship is present as the remaining parties are citizens of different states.

**B.     Amount in Controversy**

Duwe next argues that the amount in controversy requirement is not met because he is not seeking monetary damages but, rather, is seeking only injunctive relief.

BANA argues that, despite Duwe's argument to the contrary, he essentially seeks to avoid the loan to which he agreed. BANA contends that the value of the loan is the appropriate measure of the value of the object of the litigation. BANA notes that the unpaid balance of Duwe's loan is $75,346.99.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Drake v. Wells Fargo Bank, N.A.*, No. 11-00581-CV-W-DW, 2011 WL 10795515, at *2 (W.D. Mo. Oct. 7, 2011). *See also Crowder v. Avelo Mortg., LLC*, No. 4:14-CV-1351-RLW, 2014 WL 4915149, at *2 (E.D. Mo.

5

Sept. 30, 2014) (quoting *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018-19 (8th Cir. 2010) (internal citations omitted).

In *Drake*, the plaintiffs in a wrongful foreclosure action argued that the value of the loan was not the amount in controversy because they were not "seeking to 'avoid' the loan, but rather to set aside a foreclosure sale and determine the rights in the property." 2011 WL 10795515 at * 2. The Court rejected this argument, and held that the amount of controversy was the value of the object of the litigation, as determined by the value of the loan or the value of the property. *Id.*

Here, BANA has indicated that the unpaid balance of Duwe's loan is $75,346.99. Thus, the Court finds that the amount in controversy requirement is satisfied.

Because the parties to this action are citizens of different states and the amount in controversy exceeds $75,000, this Court has jurisdiction over this matter. Accordingly, Plaintiff's Motion to Remand is denied.

### III.   Motion to Dismiss

BANA argues that Duwe's request for injunctive relief is moot because he seeks to enjoin a November 10, 2016 foreclosure sale that already occurred. BANA further argues that Duwe cannot demonstrate a likelihood of success on the merits of his claim, and that he did not comply with the Missouri statutory requirements of a claim for injunctive relief.

Duwe responds that his Petition for Injunction is not moot because he seeks to overturn the November 10, 2016 sale of his property due to fraud. Duwe contends that he can demonstrate a likelihood of success on the merits because he has attached communications showing that his property was sold fraudulently. He further argues that his pleadings should be construed liberally due to his *pro se* status.

Duwe has also filed a Motion to Amend his Complaint. The Court notes that Duwe has

6

not attached a copy of the proposed Amended Complaint to his Motion to Amend. Instead, Duwe has filed a Motion to Add Parties, in which he requests leave to add Martin Leigh PC; two agents of Martin Leigh, PC; and Federal Home Loan Mortgage Corporation (Freddie Mac), for conduct that occurred after the foreclosure sale. (Doc. 24.) BANA objects to Duwe's Motion to Amend and Motion to Add Parties, arguing that the proposed amendments and addition of parties would not cure the deficiencies noted in their Motion to Dismiss.

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept a plaintiff's factual allegations as true and dismiss only if the complaint does not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A complaint states a plausible claim for relief if its 'factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Braden v. WalMart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal,* 129 S.Ct. at 1949).

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Twombly*, 550 U.S. at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further, a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556.

"Under Missouri law, a plaintiff may bring a wrongful foreclosure action either as a suit in equity to set aside the sale, or as a suit at law to recover money damages." *Morris v. Wells Fargo Home Mortg.,* No. 11–1452, 2011 WL 3665150, at *2 (E.D. Mo. Aug. 22, 2011) (citing *Dobson v.*

7

*Mortg. Elec. Registration Sys. Inc./GMAC Mortg. Corp,* 259 S.W.3d 19, 22 (Mo. Ct. App. 2008)). A plaintiff may seek to have a foreclosure sale set aside solely on the basis that the person who caused the foreclosure did not hold title to the note. *Morris,* 2011 WL 3665150, at *2.

The Court finds that the relief requested in the Petition is moot, as it seeks to enjoin the November 10, 2016 foreclosure sale. In addition, Duwe does not indicate the legal causes of action he intends to assert, or provide specific facts explaining his allegations of fraudulent conduct. Duwe attached to his Petition a plethora of documents, the relevance of which is unknown. However, liberally construing Duwe's *pro se* Complaint and accepting all facts as true, the Court finds that dismissal of this action is not warranted at this time. Duwe's pleadings reveal that he seeks to have the foreclosure sale set aside due to alleged fraud.

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires. The Court will, therefore, give Duwe an opportunity to file an Amended Complaint curing the deficiencies in his Petition.

Thus, Duwe should file an Amended Complaint setting forth the bases for liability on the part of each Defendant[2] and the specific relief requested. Duwe may not merely supplement his state court Petition. He must submit a new Complaint that sets forth each count he wishes to pursue and the facts supporting each claim against each Defendant. *Id.*

---

[2]Although Millsap as successor trustee is not a necessary party to this suit, the trustee of a deed of trust is a proper party in an action to set aside a foreclosure sale. *See Williams v. Kimes,* 25 S.W.3d 150, 158 (Mo. 2000) (en banc) ("*Williams III*"); *Casper v. Lee,* 362 Mo. 927, 245 S.W.2d 132, 138 (1952) (en banc). Millsap's status as trustee, by itself, is not a basis for Millsap's dismissal from this action.

BANA's Motion to Dismiss will be denied without prejudice. If Duwe's Amended Complaint does not cure the deficiencies noted in his Petition, BANA may renew its Motion to Dismiss.

The Court will deny Duwe's Motion to Add Parties, as his allegations against the parties he seeks to add does not relate to the foreclosure sale. Finally, Duwe has filed a Motion to Strike BANA's Response to Duwe's Motion to Amend and Motion to Add Parties. (Doc. 29.) This Motion will be denied, as Duwe has provided no basis for striking BANA's responsive pleading.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 11) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Bank of America, N.A.'s Motion to Dismiss (Doc. 12) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 23) is **granted in part.**

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint curing the deficiencies set out in this Memorandum and Order **no later than May 31, 2017**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Add Parties (Doc. 24) is **denied**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Strike (Doc. 29) is **denied**.

Dated this 3rd day of May, 2017.

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE